UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:                                    ) CHAPTER 13
    ESPANITA T. MOYE                  )
                                      ) CASE NO. 05-31665-DHW-13
           Debtor(s).            )

x    Movant is willing to consider an adequate protection agreement.
**The motion will be served with a form for a proposed order agreeable to the moving party, leaving blank, where appropriate, amounts to be arrived at by way of negotiation or determined upon further factual development. PLEASE RETURN THE COMPLETED APPROVED ORDER WITHIN TEN DAYS.**

☐    Movant is not willing to consider an adequate protection agreement.
**Pursuant to LBR 4001-1, the moving party seeks relief from the automatic stay. Unless a response is filed and served upon the moving party within 20 days from the date of service of this motion, the motion may be granted by the court without further notice or hearing.**

### MOTION FOR RELIEF FROM AUTOMATIC STAY
### AND SECTION 1301 CODEBTOR STAY

Now Comes the Movant, GREEN TREE SERVICING L.L.C., a creditor herein, by its attorneys, Chambless ❖ Math, P.C. and for its Motion for Relief from the Automatic Stay, states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334, as referred under 28 U.S.C. Section 157, and it constitutes a "core proceeding" within the meaning of the latter statute. This Motion is made pursuant to Bankruptcy Rule 4001, and in conformity with Bankruptcy Rule 9014.

2. Movant is precluded by the force and effect of paragraph (4) and (5) of Section 362(a) of the Bankruptcy Code from enforcing Movant's lien against property of the estate and property of the Debtor(s).

3. The Debtor(s) was at the time of the filing of his petition, and still is indebted to the Movant in the sum of 72778.65 plus interest at the contract rate until paid.

4. The consideration was an obligation for the sum and on the date shown on the security agreement attached to the Proof of Claim filed herein by the Movant.

5. There are no setoffs or counterclaims to said debt, and it is free from any charge forbidden by applicable law.

6. Pursuant to said obligation, the Movant has a security interest in goods as follows: 1999 HOMSTEAD MOBILE HOME AND APPURTENANCES. The value of the property in which the Movant has a security interest is approximately less than the amount of the debt.

7. The Debtor(s) does not have equity in said property and it is not necessary for an effective reorganization. Movant is and will continue to suffer irreparable harm from continuation of the 11 U.S.C. Section 362 automatic stay.

8. Meanwhile, Debtor(s) continues to use and enjoy the movant's collateral while same continues to depreciate in value without adequate protection and compensation to Movant.

9. Under the terms of the Debtors' plan, the Debtor(s) agreed to make regular payments direct to the creditor movant. The debtor is due and delinquent for the JULY 15, 2005 payment in the amount

2

of $1152.02 plus the fees and costs of this motion. The Debtor(s) failure to pay constitutes a material default.

10. Pursuant to 11 U.S.C. Section 1307(c)(6), material default by the Debtor(s) with respect to a term of a confirmed plan constitutes cause for dismissal or conversion.

11. Said obligation to this movant is secured by the codebtor, KEVIN BEBLY shown on the contract. Accordingly, to the extent that the plan fails to pay in full the claim of movant, including contractual interest on the amount of movant's allowed unsecured claim over the duration of the plan, movant is entitled to relief from Section 1301 Codebtor stay to the extent necessary to collect the unpaid portion of its claim.

WHEREFORE, Movant moves for an Order granting relief from the Section 362 Stay, directing the Debtor(s) to surrender possession of said property to the Movant, and for an Order barring the Debtors' right of redemption and in addition, the Movant prays for an Order granting relief from the Section 1301 Codebtor Stay, along with such further relief which the Court may deem proper.

GREEN TREE SERVICING L.L.C.

s/ Leonard N. Math
For the Firm

Leonard N. Math
Chambless ❖ Math, P.C.
P.O. Box 230759
Montgomery, Alabama 36123-0759
334-272-2230

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served on all attorneys of record as set forth below by electronic notice and\or by depositing a copy thereof in the United States mail postage prepaid on November 5, 2005.

Curtis C. Reding
Chapter 13 Trustee
P.O. Box 173
Montgomery AL 36101

Richard Shinbaum
Shinbaum, Abell, McLeod & Vann
P.O. Box 201
Montgomery AL 36101-0201

ESPANITA T. MOYE
65 BEAVER LANE
COY AL 36435

        s/ Leonard N. Math
        Chambless ❖ Math, P.C.

4